UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| K AND S RESTORATIONS LLC, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> COLONY INSURANCE COMPANY, *et al.*, § <br> § <br> Defendants. § § § | CIVIL ACTION NO. 4:23-CV-03017 |

## ORDER

Before the Court are Plaintiff K and S Restorations, LLC's Motion to Remand (Doc. #4) and Defendant Colony Insurance Company's Response (Doc. #9). Having considered the parties' arguments and the applicable legal authorities, the Court denies Plaintiff's Motion to Remand.

On February 17, 2023, Plaintiff sued Defendants Colony Insurance Company ("Colony") and TWFG Insurance Services, LLC ("TWFG") (collectively, "Defendants") in the 284th Judicial District of Montgomery County regarding an insurance coverage claim made under a commercial garage policy issued by Colony. Doc. #1, Ex. 4 at 3. Plaintiff and TWFG are citizens of Texas, and Colony is a resident of Virginia and Illinois for purposes of diversity jurisdiction. In its Original Petition, Plaintiff asserts nine claims against Defendants. *See id.* at 3–26. As to TWFG, Plaintiff asserts violations of the Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code, as well as fraud, negligence, negligent misrepresentation, and negligent hiring, supervision, and management claims. *See id.* On August 16, 2023, Colony removed the case to this Court, asserting that there is complete diversity between Plaintiff and Colony, the only proper parties in this case. Doc. #1 at 2. Colony contends that TWFG was improperly joined, thus its

Texas citizenship does not destroy complete diversity. *Id.* On September 15, 2023, Plaintiff moved to remand the case, claiming TWFG was properly joined and there is incomplete diversity between the parties. Doc. #4.

Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship is required to bring suit in a federal district court. However, if there is a nondiverse party, a district court may exercise jurisdiction if the nondiverse party was improperly joined. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish that an in-state defendant was improperly joined, "the removing party must either show that (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or (2) that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 573. To determine if there is a possibility that plaintiff will be able to establish a cause of action, a court conducts "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* To survive a Rule 12(b)(6) challenge, "a complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 213 (5th Cir. 2016). Defendant bears the burden of proving improper joinder. *Smallwood*, 385 F.3d at 574.

Colony avers that there is no possibility that Plaintiff's claims against TWFG would survive a 12(b)(6) challenge because the claims are inadequately pled. *See* Doc. #9. Specifically, Colony asserts that Plaintiff only mentions TWFG once in the "Facts" section of the Original Petition, stating that Colony and TWFG "sold Plaintiff a policy." *Id.* at 1 (citing Doc. #1, Ex. 4 ¶ 9). Then, Colony notes that when Plaintiff details its causes of action, there are no specific

allegations made regarding anything that TWFG did. *Id.* On the other hand, Plaintiff asserts, for the first time in its Motion to Remand, that TWFG made promises to Plaintiff regarding the scope of coverage of the insurance policy at issue. *Compare* Doc. #4 at 4 *with* Doc. #1, Ex. 4 at 3–26. Further, Plaintiff elaborates on the alleged role TWFG played in helping Plaintiff secure the insurance policy. Doc. #4 at 5. As such, Plaintiff contends that its causes of action against TWFG are viable, thus TWFG was properly joined and remand is proper. *See id.*

As a preliminary matter, the Court notes that Plaintiff's statements in its Motion to Remand regarding alleged promises that TWFG made and TWFG's other alleged conduct at the time of the insurance policy procurement are not properly before the Court. The Court's determination regarding improper joinder is solely based on the facts as alleged in Plaintiff's Original Petition. *See Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction."). As such, the only factual allegation before the Court regarding TWFG is that it, along with Colony, "sold Plaintiff a policy." Doc. #1, Ex. 4 ¶ 9.

Plaintiff's DTPA, Texas Insurance Code, fraud, and negligent misrepresentation claims are subject to the heightened pleading standards outlined in Rule 9(b) of the Federal Rules of Civil Procedure. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Rule 9(b) requires that allegations are pled "with specificity," which has been interpreted by the Fifth Circuit as pleading the "who, what, when, where, and how." *First v. Rolling Plains Implement Co., Inc.*, 108 F.4th 262, 271 (5th Cir. 2024). Because Plaintiff fails to assert any facts against TWFG, other than vaguely stating that TWFG sold Plaintiff a policy, Plaintiff falls woefully short of pleading its DTPA, Texas Insurance Code, fraud, and negligent misrepresentation claims with the requisite specificity of who, what, when, where, and how. As such, these claims would not

survive a 12(b)(6) challenge.

Similarly, Plaintiff's negligence and negligent hiring, supervision, and management claims would also fail a 12(b)(6) challenge. For a negligence or a negligent hiring, supervision, and management claim, a plaintiff "must show the existence of a duty, a breach of that duty, and damages arising from the breach." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002); *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 648 (S.D. Tex. 2016). Because Plaintiff fails to plead any facts asserting the duty TWFG owed it, how TWFG breached said duty, and what damages arose from the breach, Plaintiff fails to allege sufficient facts to support a negligence or negligent hiring, supervision, and management claim. Accordingly, these claims would not survive a 12(b)(6) challenge.

Because it is apparent from the face of Plaintiff's Original Petition that its claims against TWFG would not survive a 12(b)(6) challenge, TWFG was improperly joined. As such, Plaintiff's Motion to Remand (Doc. #4) is DENIED. Further, because Plaintiff amended its Complaint (Doc. #13), Colony's Motion to Dismiss (Doc. #7) is hereby DENIED AS MOOT. Finally, Plaintiff's Motion to Withdraw (Doc. #21) is hereby GRANTED, and the parties' Joint Motion for Extension of Deadline to Provide Expert Designation (Doc. #20) is WITHDRAWN FROM THE RECORD.

It is so ORDERED.

SEP 0 4 2024
Date

The Honorable Alfred H. Bennett
United States District Judge