UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **K AND S RESTORATIONS LLC** | § § | |
| **Plaintiff** | § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-03017 |
| **COLONY INSURANCE COMPANY, TWFG INSURANCE SERVICES LLC** | § § § § | |
| **Defendants** | § | |

### DEFENDANT COLONY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR WITHDRAWAL OF COUNSEL

Defendant Colony Insurance Company files this Response in Opposition of Plaintiff's Motion for Withdrawal of Counsel, and in support of this Motion shows the following:

**I.   INTRODUCTION**

Mr. Eric Dick should not be allowed to withdraw from this case because he has not shown good cause; and his request is unreasonably timed given impending deadlines; and neither he nor the Plaintiff has provided the Court with the name of substitute counsel, which is required in this instance, since an entity cannot represent itself pro se in this matter.

**II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Colony removed this case to this Court on August 16, 2023. (ECF No. 1). Plaintiff filed its First Amended Complaint, still the live pleading, on October 25, 2023. (ECF No. 13). On October 23, 2024, Mr. Dick filed his Motion for Withdrawal of Counsel. (ECF No. 35). The Motions deadline is impending on November 15, 2024. (ECF No. 36). Additionally, Defendant's final version of the Pretrial Order is due on January 24, 2025 and the pretrial order must be filed by February 7, 2025. Docket call is schedule for February 21, 2025, and trial begins on February 24, 2025. (ECF No. 19).

**III. THE COURT SHOULD DENY COUNSEL'S MOTION TO WITHDRAW BECAUSE HE CANNOT DEMONSTRATE GOOD CAUSE AND PLAINTIFF, AN LLC, CANNOT REPRESENT ITSELF**

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989). It is the withdrawing attorney's burden to prove the existence of good cause for withdrawal. *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F.Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

Moreover, even when there is a showing of good cause for withdrawal, it is still "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). Therefore, the Court must consider additional factors before granting the withdrawal of counsel. *Denton v. Suter*, No. 3:11-cv-2559-N, 4 (N.D. Tex. Oct. 2, 2013). Such factors include: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take and the financial burden it would impose on the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (citing *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010); *see also Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)).

The Court should deny the Motion for Withdrawal because counsel has not sufficiently articulated a good cause. In his Motion, Mr. Dick states only "lack of communication" as the sole good cause for wanting to withdraw representation. ECF No. 35 at 1. However, "'[u]nless there is a demonstrated conflict of interests or counsel, and defendant are embroiled in an irreconcilable conflict

that is so great that it resulted in a **total** lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw.'") *United States v. Cole*, 988 F.2d 681, 683 (7th Cir.1993) (quoting *United States v. Morris*, 714 F.2d 669, 673 (7th Cir. 1983)) (emphasis added).

Similar to this case, the Defendant's counsel in *Denton* also claimed there was "difficulty in communicating regularly…" as good cause for seeking to withdraw. " No. 3:11-cv-2559-N, 4. The Plaintiffs argued that since the Defendant had already been "intractable," specifically regarding discovery, there is a likelihood they would be even more non-compliant if Defendant's Counsel was permitted withdrawal. *Id*. The *Denton* Court applied the reasoning of *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986), which held that "permitting the law firm to withdraw would leave the court without the possibility of effective communication with the defendant as well as without 'a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation.'" No. 3:11-cv-2559-N, 6. The Court further agreed that the Third Circuit's decision "fairly balanced [the law firm's] concerns with the court's need for effective communication and efficient administration." *Id*. citing *Ohntrup*, 802 F.2d at 679.

Like the Third Circuit's Defendant, The *Denton* Defendant was also an "intractable litigant," which the Court found would not have been in a position to comply with the Court's orders. No. 3:11-cv-2559-N, 7. And while the Court sympathized with Defendant's counsel and the hardship involved with their lack of communication and potential financial burden if not allowed to withdraw, the Court insisted that there must be a balance between Counsel's hardship and "the efficient administration of the case, the interest of justice, and prejudice to Plaintiffs. *Id*. Additionally, the Court found that attorneys may be required to continue representing a litigant "when the attorney's departure from the case would delay or disrupt the proceedings." *Id. See also Cooper v. Wal-Mart Transp., LLC,* No. H-

08-0085, 2010 WL 763548 (S.D. Tex. Mar. 3, 2010) (denying defense counsel's motion to withdraw when the defendant was required to file a response to plaintiff's judgment as a matter of law); *Small v. Regalbuto,* No. 1:06-CV-1721, 2009 WL 1911827, at *2 (N.D. Ohio June 29, 2009) (denying defense counsel's motion to withdraw when the defendant had outstanding discovery obligations and had already substantially delayed discovery); *Taylor v. Stewart,* 20 F.Supp. 2d 882, 884 (E.D. Pa.1998) (denying defense counsel's motion to withdraw before meeting upcoming discovery deadlines. Ultimately, the Court denied the Defendant's motion and the same is warranted here.

At no time did Counsel raise the issue that he was unable to communicate with his Client. Prior to his October 16, 2024 email, Defendant had no reason to believe that Mr. Dick would not be able to continue representation in this case. He has also not supplied any evidence of the claim that he is unable to communicate with his client. *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F.Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient."). Counsel's abrupt decision to withdraw less than a month before the motions deadline and after the close of the discovery period risks delaying the efficient resolution of this matter. Colony must provide its final version of the Pretrial Order on January 24, 2025 and Plaintiff must file the pretrial order by February 7, 2025, with docket call being only two weeks after that on February 21, 2025. ECF No. 19. Additionally, Defendants will be filing a summary judgment motion, which will require a responsive motion and there is simply not enough time for new counsel to become effectively familiarized with the case to properly respond.

Furthermore, the Plaintiff, an entity, is left without representation and neither Mr. Dick nor his client has announced substitute counsel. It is well "established law, a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel." *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121

L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear pro se, and must be represented by counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court."); *Udoinyion v. The Guardian Security*, 2011 WL 3911087, *3 (11th Cir. Sept. 7, 2011) ("A corporation is an artificial entity that cannot appear pro se and must be represented by counsel.").

Like in *Denton*, this Court should deny Plaintiff's Motion for Withdrawal of Counsel, because if we accept as true that Plaintiff has been an "intractable" client to Mr. Dick, it is highly likely that that behavior will not improve when left unrepresented as Mr. Dick now asks the Court to facilitate. Moreover, in balancing Mr. Dick's needs set against those of the Court in progressing this case, the Court should conclude that the risk or prejudice to not only Colony as Defendant, but to the Plaintiff, an unrepresented entity, is unnecessarily probable. It is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). And so, the fact that the Plaintiff cannot be a pro se litigant in this case is reason enough as to why Mr. Dick should not be permitted to withdraw.

### IV.   CONCLUSION & PRAYER

Defendant Colony Insurance Company prays that this Court denies Plaintiff's Motion for Withdrawal of Counsel and grants Colony any such other further relief to which Colony may be justly entitled.

Respectfully submitted,

*/s/ Matthew Rigney*
Stephen A. Melendi, Attorney-In-Charge
Texas Bar No. 24041468
Southern District Bar No. 38607
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
Southern District Bar No. 2870042
mattr@tbmmlaw.com
Jelan A. Cato
Texas Bar No. 24107360
Southern District Bar No. 3881687
jelanc@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:   214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR DEFENDANT
COLONY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024 a true and correct copy of the foregoing document was served via the Court's ECF system upon all counsel of record who are registered ECF users.

*/s/ Matthew Rigney*
Matthew Rigney